# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | Case No. 2:13-cv-01121-JCM-CWH |
| Plaintiff, | |
| vs. | **ORDER** |
| PENGILLY ROBBINS SLATER LAW FIRM, et al., | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Stay (#12), filed August 14, 2013; Plaintiff's Response (#19), filed September 18, 2013; and Defendants' Reply (#22), filed October 1, 2013.

## BACKGROUND

Defendants seek an order staying this case pending resolution of a separate, related case that was filed over a year prior to this case being filed: *Travelers Casualty and Surety Company of America v. Peek Construction Company, et al.*, 2:12-cv-00058-LDG-NJK (initial complaint filed on January 12, 2012) (hereinafter "Peek" or "Peek case"). By way of this motion, Defendants assert that this case and the Peek case involve the same injury - the alleged transfer of collateral in derogation of a security interest held by Plaintiff. Defendants request that the Court take judicial notice of the proceedings in the Peek case and exercise its inherent authority to stay this case pending resolution of the Peek case pursuant to *Landis v. N. American. Co.*, 299 U.S. 248 (1936) and its progeny.

Defendants argue that a stay is appropriate because no harm will accrue to Plaintiff, who

seeks only recovery of monetary damages. Defendants further contend that it is unnecessary to balance hardship or equity in determining whether to grant the stay in light of the fact that no harm will accrue. Instead, Defendants assert that efficiency is the governing principle and would be best served by permitting resolution of the Peek case and keeping expenses to a minimum in this case. Even so, Defendants also assert that without a stay they would suffer hardship and inequity – inequity in the form of potential double recovery for the same injury and hardship in the form of having to engage in protracted, expensive, and potentially harmful discovery. Lastly, Defendants argue that a stay will simplify questions of law moving forward and will not cause undue delay based on Plaintiff's acknowledgment that resolution of the Peek case appears imminent.

Plaintiff contends there is no basis for a stay. Plaintiff's primary argument is that Nevada's "double recovery" doctrine does not prohibit it from obtaining judgments in both cases simultaneously in order to satisfy its claim for damages. Noting that it does not have a final judgment, recovery, or satisfaction of damages in the Peek case, Plaintiff asserts that it may pursue its claim to judgment in this case. Plaintiff argues further that, contrary to Defendants' claim, this case does not stem from the same injury as set forth in the Peek case; rather, this case involves Defendants allegedly separate and distinct act of advising a client to convert property and then knowingly taking the proceeds to satisfy legal fees. Thus, Plaintiff contends that Defendants are liable for their own conduct. Lastly, Plaintiff argues that any concerns regarding discovery are hypothetical and speculative and should be disregarded.

In reply, Defendants maintain that Plaintiff does not contest, and therefore concedes, that a stay will not damage Plaintiff, will promote efficiency, and will not cause undue delay. These concessions, according to Defendants, support a stay. Defendants reassert that the alleged injury in this case is the same as that in the Peek case - transfer of proceeds in derogation of a secured interest. Thus, if Plaintiff prevails and recovers on the injury in the Peek case it would be barred from recover in this matter under the double recovery doctrine. Defendants reiterate their argument that concerns about discovery are misplaced because there would be no harm from a stay, and stay will promote efficiency.

## **DISCUSSION**

In *Landis v. North American Co*, the United States Supreme Court announced the general principle that a district court has inherent authority to control its docket and promote efficient use of resources "for itself, for counsel, and for litigants." 299 U.S. 248, 254 (1936); *see also Dependable Highway Express, Inc. V. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (a district court maintains discretion to stay proceedings in its own when appropriate); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (same). The Ninth Circuit has cautioned that a determination to enter a *Landis* stay is reviewed under a "somewhat less deferential standard" than the abuse of discretion standard employed in other contexts. *Dependable Highway*, 498 F.3d at 1066 (citations omitted). In *Landis*, the Supreme Court observed that a stay requires balancing the benefits of the stay with any hardship a stay may impose.[1] In *CMAX, Inc. v. Hall*, the Ninth Circuit set forth the following factors courts should consider when it is proposed that a pending proceeding be stayed: (1) the possible damage that may result from the stay; (2) the hardship or inequity a party may incur if required to move forward; and (3) efficiency benefits (simplification of complicated issues, proof, or questions of law) that may accrue from a stay. 300 F.2d 265, 268 (9th Cir. 1962).

The Ninth Circuit has also identified the following, non-exhaustive factors which courts also consider when determining whether to grant a stay: (1) "stays should not be indefinite in nature" and "should not be granted unless it appears likely the other proceeding will be concluded within a reasonable time[,]" *Dependable Highway*, 498 F.3d at 1066) (citing *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)); (2) a stay is more appropriate where a party seeks only damages, does not allege a continuing harm, and does not seek injunctive or declaratory relief, *Lockyer*, 398 F.3d at 1110 (citing *CMAX*, 300 F.2d at 268-69); (3) a stay may be appropriate if resolution of issues in another proceeding would assist in resolving the proceeding

---

[1] "[A party seeking] a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damages to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

sought to be stayed, *Lockyer*, 398 F.3d at 1110-11 (citing *CMAX*, 300 F.2d at 269); and (4) a stay may be appropriate for docket efficiency and fairness to the parties pending resolution of independent proceedings that may bear upon the case sought to be stayed. *Lockyer*, 398 F.3d at 1111 (citing *Levyva*, 593 F.3d at 863-64).

　　　　Applying the foregoing, the Court concludes that a stay is not warranted at this time. The undersigned acknowledges that potential damage from a stay would be minimal given that Plaintiff seeks only monetary damages in this matter. Nevertheless, the undersigned is mindful of the charge that "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." *Dependable Highway*, 498 F.3d at 1066 (citation omitted). The complaint in the Peek case was originally filed in early January 2012. It is a complex case that has been ongoing for approximately two years. There are significant motions pending in the Peek case, including whether to set aside a default judgment. Reviewing the docket, it does not appear resolution of the Peek case is imminent. The requested stay in this matter is, functionally, a request for an indefinite stay as the proposed period for stay is the time it takes to resolve the Peek case. The Court is not inclined to grant an indefinite stay.

　　　　Importantly, the Court notes, and the parties concede, that this case is substantially related to the pending Peek case. The Local Rules require that any "[c]ounsel who has *reason to believe* that an action on file or about to be filed is related to another action on file (whether active or terminated) *shall* file in each action and serve on all parties in each action a notice of related cases." Local Rule 7-2.1 (emphasis added). Defendants' motion to stay and the briefing related thereto clearly indicates that this case is related to *Travelers Casualty and Surety Company of America v. Peek Construction Company, et al.*, 2:12-cv-00058-LDG-NJK. Even so, counsel have not filed the notice of related cases required by the Local Rules. Thus, the Court will require counsel to file a notice of related cases pursuant to Local Rule 7-2.1.

　　　　Based on the foregoing and good cause appearing therefore,

　　　　**IT IS HEREBY ORDERED** that Defendants' Motion for Stay (#12) is **denied**.

　　　　**IT IS FURTHER ORDERED** that counsel for the parties shall file a notice of related cases pursuant to Local Rule 7-2.1. The notices shall be filed not later than **Friday, March 7, 2014**

and shall comply in all particulars with the requirements of Local Rule 7-2.1.

DATED: February 19, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**